O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND JOHNSON, ) | CASE NO. ED CV 11-00630 GAF (RZ) |
| ) Petitioner, ) | |
| ) vs. ) | ORDER SUMMARILY DISMISSING ACTION |
| ) KELLEY HARRINGTON, Warden, ) | |
| ) Respondent. ) | |

Desmond Johnson, the petitioner in this 28 U.S.C. § 2241 [*sic*] habeas action, challenges a 2008 state prison disciplinary violation for injuring another inmate, for which he was punished with a loss of good time credit. The Court will dismiss the action summarily because Petitioner shows no *federal* law that the state courts misapplied in rejecting Petitioner's claim.

As a preliminary matter, the Court notes that Petitioner purports to seek relief pursuant to 28 U.S.C. § 2241, not § 2254, even though he is in state custody (in the form of state parole). But Petitioner's choice of habeas statute makes no difference in a key respect: both statutes permit habeas corpus relief only for violations of *federal* law. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Neither section empowers federal courts to redress states' alleged violations of state laws, including state regulations.

Here, Petitioner was charged with injuring another inmate in a fight on February 8, 2008. His claim here is that, because the ensuing administrative hearing at which he was found guilty occurred just over 30 days thereafter, supposedly in violation of pertinent state regulations, his resulting loss of sentencing credit must be set aside on federal habeas review. He is wrong for several independent reasons.

First, he is wrong factually. Even in the "leap year" of 2008, in which February had a 29th day, March 9 fell exactly 30 days after February 8. (Petitioner insists that February 8 counts as the first day afterwards, but February 8 obviously is zero days after February 8, not one day after.)

Second and more fundamentally, Petitioner is mistaken legally. Even if the state assessed a sentencing-credit forfeiture after exceeding the 30-day limit by a day or two, such would constitute a violation of *only state law*, not federal law. *See* CAL. CODE REGS. tit. 15, § 3320(f)(3) (precluding a forfeiture of time credit if "[t]he disciplinary hearing was not held within 30 days . . . ."). (Petitioner asserts that the state's counting-of-days regulations violate the (federal) Administrative Procedure Act, *see* Pet. at 4, but that is plainly wrong. The APA governs the way in which administrative agencies of the *federal*, not state, government may propose and establish regulations. Petitioner explains that the state has undertaken, by statute, to follow the APA's requirements, but that undertaking is itself a *state* statute, not a federal one. *See* Pet. at 7, *citing* CAL. PENAL CODE § 5058.) Petitioner also cites the Due Process Clause of the Fourteenth Amendment, but that assertion also fails for the reasons discussed immediately below.

Third, Petitioner fails to show how the slight alleged delay in receiving his hearing rendered that hearing unfair in any way. As Magistrate Judge Hollows of the Eastern District of California recently explained in rejecting a similar claim,

> In *Wolff v. McDonnell*, 418 U.S. 539, 563, 94 S.Ct. 2963, 2679 (1974), the Supreme Court explored the due process requisites for a prison disciplinary hearing and held an inmate is entitled

to "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." In addition, the inmate may have the right to call witnesses and present documentary evidence when consistent with institutional safety or correctional goals. *Id.* at 566, 94 S.Ct. at 2980. Petitioner does not allege he was denied any of the *Wolff* protections.

> Petitioner [Kevin Bartholomew] bases his claim on the institution's purported failure to follow the regulations governing the timing of hearings and notice of charges. However, the Supreme Court has explained, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983). Even assuming the hearing should have been held within thirty days of April 7, 2008, the day the marijuana was found, or that petitioner should have received the CDC 115 within thirty days of that date, his due process claim fails because he has not claimed that these alleged delays rendered the hearing unfair. He has shown nothing justifying relief on federal habeas corpus. *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir.1995). For these reasons, the court finds no violation of fundamental fairness if the court does not consider petitioner's claims.

*Bartholomew v. Haviland*, No. CIV S-09-1397 GEB GGH P, 2009 WL 4017287, at *5 (E.D. Cal. Nov. 18, 2009). The Eastern District court has reached similar decisions at least twice. *See*, *e.g.*, *Norwood v. Yates*, No. CIV 05 0178 LKK KJM P, 2005 WL 3283726, at

*1 (E.D. Cal. 2005) ("In this case, petitioner does not allege that the purported delay in the hearing rendered it unfair, but challenges its timing only."); *Campbell v. Smiley*, No. CV S-05-0711 GEB DAD, 2005 WL 2114183, at *3 (E.D. Cal. 2005) ("Even if plaintiff were able to allege facts establishing a violation of a state regulation [requiring a hearing within 30 days], he has not alleged facts stating a cognizable federal constitutional claim."). The Court is unaware of any contrary authority, *i.e.*, authority for granting federal habeas relief to a state prisoner based solely on the tardiness of a prison disciplinary hearing, without demonstrated prejudice caused by the tardiness.

Petitioner's situation is not meaningfully distinguishable from that of Kevin Bartholomew and the other petitioners in the foregoing cases. Petitioner complains only about the alleged tardiness of the disciplinary hearing, not about either (1) any prejudice due to the alleged tardiness or (2) denial of notice, an opportunity be heard and an explanation of the adverse decision. A court may dismiss a habeas petition without issuing an order to show cause if it is plain that the petitioner is not entitled to relief. *See Harris v. Nelson*, 394 U.S. 286, 298-99, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969); *Hunt v. Eyman*, 429 F.2d 1318, 1319 (9th Cir. 1970); *see also* Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."). For the foregoing reasons, such a dismissal is the appropriate result in this case. This matter hereby is DISMISSED.

DATED: April 28, 2011

*/s/ Gary Feess*

GARY A. FEESS
UNITED STATES DISTRICT JUDGE